IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>CARMEN MEDINA-SERRANO,<br>Defendant. | CRIM. NO. 17-435 (JAG) |

**PLEA AGREEMENT**
[Pursuant to Rule 11(c)(1)(A) & (B) FRCP]

**TO THE HONORABLE COURT:**

COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodriguez-Velez, United States Attorney for the District of Puerto Rico, José Capó Iriarte, Assistant United States Attorney, Chief Criminal Division, Myriam Y. Fernandez, Assistant United States Attorney, Deputy Chief, Financial Fraud & Corruption Unit, and Seth A. Erbe, Assistant United States Attorney for said District, and **CARMEN MEDINA-SERRANO**, Defendant, by and through defendant's counsel, Juan Acevedo-Cruz, Esquire, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

    Defendant agrees to plead guilty to **COUNT 1** of the Indictment, which charges:

    Count 1 (18 U.S.C. § 641 - Theft of Government Property):

    From in or about October 2012, up to and including in or about July 2016, in the District of Puerto Rico and within the jurisdiction of this Court, CARMEN MEDINA-SERRANO, the defendant

herein, willfully and knowingly did steal, purloin, and convert to the use of another a thing of value of the United States in an amount over $1,000, that is prescription medications belonging to the VAMC Out-Patient Pharmacy in San Juan, Puerto Rico. All in violation of 18 U.S.C. § 641.

2.  **MAXIMUM PENALTIES**

Count 1: Defendant understands that in relation to Count 1 of the Indictment, the Defendant may be sentenced to a term of imprisonment not to exceed ten (10) years, a fine not to exceed Two Hundred Fifty Thousand Dollars ($250,000.00), and not more than three (3) years of supervised release. 18 U.S.C. §§ 641; 3559(a)(3); 3571(b)(3); 3583(b)(2)(Class C Felony)

3.  **SENTENCING GUIDELINES APPLICABILITY**

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in the consolidated cases <u>United States v. Booker and United States v. Fanfan</u>, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of the sentence may not be suspended.

4.  **SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a).

5.  **FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order Defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered.

The parties have stipulated and agreed to the inclusion of an order of restitution in an amount of one hundred fifty thousand and ten dollars ($150,010) in favor of the United States Department of Veterans Affairs to be included in the judgment.

6. **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that the sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offenses to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw her guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **UNITED STATES RESERVATION OF RIGHTS**

The United States reserves the right to carry out its responsibilities under the United States Sentencing Guidelines. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

8. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decisions issued by the Supreme Court of the United States in the cases of United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

| RECOMMENDED SENTENCING GUIDELINE CALCULATION | |
|---|---|
| **Count 1** | |
| Base Offense Level: U.S.S.G. § 2B1.1(a)(2) | 6 |
| Special Offense Characteristic: U.S.S.G. § 2B1.1(b)(1)(F) – loss in excess of $150,000 | +10 |
| Special Offense Characteristic: U.S.S.G. § 3B1.3 – Abuse of Position of Trust | +2 |
| Acceptance of Responsibility: U.S.S.G. § 3E1.1 | -3 |
| Total Offense Level | 15 |
| **TOL 15: CHCI (18-24); CHCII (21-27)** | |

9. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category (CHC) for Defendant.

10. **SENTENCE RECOMMENDATION**

For purposes of the recommended sentencing guideline calculation and U.S.S.G. § 2B1.1(1)(1)(F), the parties have agreed to a stipulated loss amount in excess of $150,000. After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that they shall recommend a sentence of imprisonment within the applicable guideline range at a Total Offense Level of fifteen (15).

Defendant agrees that this sentence recommendation is reasonable pursuant to 18 U.S.C. § 3553(a). The parties further agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement, unless a reduction is sought under Rule 35 or U.S.S.G. § 5K1.1.

**11. WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is twenty four (24) months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**12. FURTHER ADJUSTMENTS, DEPARTURES OR VARIANCE**

The United States and Defendant agree that **no further adjustments or departures** to Defendant's total adjusted base offense level **and no variance sentence** under 18 USC § 3553 **shall be sought by the parties**, unless a reduction is sought under Rule 35 or U.S.S.G. § 5K1.1. The parties agree that, if no such reduction is sought under Rule 35 or U.S.S.G. § 5K1.1, any request by Defendant for an adjustment or departure will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

**13. DISMISSAL OF REMAINING COUNTS**

N/A.

**14. SATISFACTION WITH COUNSEL**

Defendant represents to the Court to be satisfied with counsel, Juan Acevedo-Cruz, Esquire, and indicates that counsel has rendered effective legal assistance.

## 15. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea Agreement, Defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

    a.    If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

    b.    If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c.    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

    d.    At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

**16. POTENTIAL IMPACT ON IMMIGRATION STATUS**

Defendant affirms that she is a United States citizen. Nonetheless, pursuant to Rule 11(b)(1)(O) of the Federal Rules of Criminal Procedure, Defendant hereby agrees and recognizes that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**17. FELONY CONVICTION**

Defendant hereby agrees and recognizes that her plea of guilty in this case will be recognized as a felony conviction which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

**18. STATEMENT OF FACTS**

The accompanying Statement of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, the Defendant agrees that said statement of facts may be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

**19. FORFEITURE**

N/A.

20. **LIMITATIONS OF PLEA AGREEMENT**

Defendant is fully aware that the Court is not bound by this Plea Agreement, including but not limited to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations. In addition, this Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant; it does not bind any other federal district, state or local authorities.

23. **ENTIRETY OF PLEA AGREEMENT**

This written agreement and the supplement constitute the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and deny the existence of any other term and conditions not stated herein.

24. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

25. **VOLUNTARINESS OF GUILTY PLEA**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

26. **VIOLATION OF BAIL PROVISIONS AND/OR FAILURE TO APPEAR AT SENTENCING**

The Defendant agrees that any violation of the conditions of release set by the Court or failure to appear at the Sentencing Hearing will be considered a material breach of this Plea Agreement and the United States will be free to ask for any sentence, either guideline or statutory, including an adjustment pursuant to U.S.S.G. § 3C1.1 for Obstruction or Impeding the Administration of Justice.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
JOSE CAPO IRIARTE
Assistant United States Attorney
Chief, Criminal Division
Dated: 3/13/18

_____
MYRIAM Y. FERNANDEZ-GONZALEZ
Assistant United States Attorney
Deputy Chief, Financial Fraud &
Corruption Unit
Dated: 3/13/2018

_____
SETH A. ERBE
Assistant United States Attorney
Dated: 3/13/18

_____
CARMEN MEDINA-SERRANO
Defendant
Dated: 4/20/18

_____
JUAN ACEVEDO-CRUZ, ESQ.
Counsel for Defendant
Dated: 4/20/18

# ACKNOWLEDGMENT

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it

4/20/18
Date

*Carmen Medina Serrano*
**CARMEN MEDINA-SERRANO**
Defendant

I am the attorney for the defendant. I have fully explained to the defendant her rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of Defendant's plea of guilty.

4/20/18
Date

**JUAN ACEVEDO-CRUZ, ESQ.**
Counsel for the Defendant

# STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, **CARMEN MEDINA-SERRANO**, agree that the following statement provides a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for the violation of 18 U.S.C. § 641.

From in or about October 2012 to in or about July 2016, **CARMEN MEDINA-SERRANO** was an out-patient pharmacy procurement technician for the VAMC San Juan Out-Patient Pharmacy. As a pharmacy procurement technician, **CARMEN MEDINA-SERRANO** had access to the electronic system for ordering prescription medications, placed orders for prescription medications, and stocked the out-patient pharmacy with medications, including Insulin Lispro 100, Insulin Lispro 75/25, and Insulin Lantus Glargine.

Insulin Lispro 100, Insulin Lispro 75/25, and Insulin Lantus Glargine were prescription drugs regulated by the Federal Drug Administration (hereinafter "FDA") and used to treat individuals with medical conditions, including diabetes. Prescription medications in the possession and custody of the VAMC San Juan Out-Patient Pharmacy were property of the United States government.

From in or about October 2012, up to and including in or about July 2016, in the District of Puerto Rico, **CARMEN MEDINA-SERRANO** willfully and knowingly did steal and convert to her own use a thing of value of the United States in an amount over $1,000, that is prescription medications, including Insulin Lispro 100, Insulin Lispro 75/25, and Insulin Lantus Glargine, belonging to the VAMC Out-Patient Pharmacy in San Juan, Puerto Rico. The parties have stipulated to a loss value in excess of one hundred fifty thousand and ten dollars ($150,000).

This Statement of Facts is only a summary and does not include all relevant facts known by **CARMEN MEDINA-SERRANO** pertaining to the offense described above.

If this matter had proceeded to trial, the United States would have proven beyond a reasonable doubt that Defendant **CARMEN MEDINA-SERRANO** is guilty as charged in Count 1 of the Indictment. This would have been proven through documentary and testimonial evidence, including, but not limited to witness testimony, photographs, US Department of Veteran Affairs records, bank records, as well as other documentation and testimonial evidence.

Discovery was timely made available to Defendant for review.

**CARMEN MEDINA-SERRANO**
Defendant
Dated: 4/20/18

**SETH A. ERBE**
Assistant United States Attorney
Dated: 3/13/18

**JUAN ACEVEDO-CRUZ, ESQ.**
Counsel for Defendant
Dated: 4/20/18